[Cite as *Gallo v. Gallo*, 2016-Ohio-3530.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tamara K. Gallo, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-442 |
| v. | : | (C.P.C. No. 12DR-1778) |
| Samuel A. Gallo, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on June 21, 2016

---

**On brief:** *Grossman Law Offices, Jeffrey A. Grossman,* and *Susan M. Suriano,* for appellee. **Argued:** *Jeffrey A. Grossman.*

**On brief:** *The Law Offices of Nicholas W. Yaeger, LLC,* and *Nicholas W. Yaeger,* for appellant. **Argued:** *Nicholas W. Yaeger.*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Defendant-appellant, Samuel A. Gallo, appeals from an amended judgment entry and decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, pursuant to a remand from this court resulting from a prior appeal.

{¶ 2} The facts and procedural history of the case were extensively set forth in our prior decision and will not be unnecessarily repeated here. *See, generally*, *Gallo v. Gallo*, 10th Dist. No. 14AP-179, 2015-Ohio-982 ("*Gallo I*"). In brief, this is a disparate-income divorce with children. The parties stipulated to most aspects of the property division but

did not agree on a spousal support award. Dr. Gallo, an oculoplastic surgeon, stipulated to the value of his interest in a closely-held medical corporation, Ohio Valley Medical Center ("Ohio Valley").  In the trial court's initial decree, Dr. Gallo received the entirety of his interest in Ohio Valley valued at $549,646.  The court then based its award of spousal support payable by Dr. Gallo to Ms. Gallo in part on the income stream generated by Dr. Gallo's investment in Ohio Valley.

{¶ 3}  Dr. Gallo appealed to this court contesting this and other aspects of the initial decree. We affirmed all other aspects of the trial court's initial decree, but reversed as to the trial court's treatment of the Ohio Valley asset because the trial court had failed to consider the impact of "double dipping" against Dr. Gallo's Ohio Valley ownership by applying the value of this asset twice, once in the allocation of assets between parties, and then again in determining Dr. Gallo's future income for spousal support purposes. ("[D]ouble dipping occurs when a trial court 'dips' into a future income stream to value a marital asset and then again to determine the capacity to pay spousal support." *Gallo I* at ¶ 36.) Our extensive discussion of this issue in *Gallo I* modified the prior leading case rendered by this court on the issue, *Heller v. Heller,* 10th Dist. No. 07AP-871, 2008-Ohio-3296, which took the approach that the double dipping was inherently unfair and precluded as matter of law.  In *Gallo I*, we concluded that double dipping was not absolutely  prohibited, but may be justified in a given case based upon the other financial circumstances present. *Gallo I* at ¶ 34-35. The Supreme Court of Ohio did not accept Dr. Gallo's ensuing appeal for review.  *Gallo v. Gallo*, 144 Ohio St.3d 1426, 2015-Ohio-5225 (decision without published opinion).

{¶ 4}  On remand from this court, the trial court rendered its amended judgment entry and decree of divorce, incorporating all of its prior findings and determinations with the exception of the double-dipping issue with respect to Ohio Valley.  The trial court then undertook an assessment of the impact of double dipping in this case and concluded as follows:

> Thus, this court is factoring the impact of double dipping to Dr. Gallo and Mrs. Gallo but finds it equitable to include Dr. Gallo's income from this asset in its determination of spousal support, even though said inclusion technically constitutes a double dip. The specific facts and circumstances of the within

case, such as the disparity in income between the parties, overrides the unfairness of double dipping.

(Apr. 23, 2015 Decision at 14.)

{¶ 5} Dr. Gallo appeals and brings the following two assignments of error:

[I.] THE TRIAL COURT'S SPOUSAL SUPPORT AWARD CONSTITUTES AN ABUSE OF DISCRETION WHERE THE TRIAL COURT FOUND IT EQUITABLE TO DOUBLE COUNT THE DEFENDANT-APPELLANT'S INCOME AND IN LIGHT OF THE PROPERTY DIVISION AND OTHER FACTORS CONTAINED IN OHIO REVISED CODE §3105.18.

[II.] THE TRIAL COURT'S SPOUSAL SUPPORT AWARD IS CONTRARY TO OHIO REVISED CODE §3105.18, IS UNREASONABLE, INAPPROPRIATE, AND ARBITRARY AND THUS CONSTITUTES AN ABUSE OF DISCRETION.

{¶ 6} Because all other issues have been addressed and finally determined pursuant to our decision in *Gallo I*, the sole issue in this appeal is the trial court's review of the double-dipping issue and resulting decision not to modify the previously-awarded amount of spousal support. In his first assignment of error, Dr. Gallo again argues that the trial court erred in its calculation of spousal support by using the value of Dr. Gallo's investment in Ohio Valley twice.

{¶ 7} R.C. 3105.1(A) defines spousal support as payments "both for sustenance and support of the spouse or former spouse," and its definition does not include payments "made as part of a division or distribution of property or a distributive award under section 3105.171 of the Revised Code." Under R.C. 3105.18(C), a trial court may determine the amount of spousal support that is appropriate and reasonable, and set the nature, amount, and terms of payment, as well as duration of the support, after considering the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1).

{¶ 8} An appellate court will not reverse a trial court's determination in setting spousal support unless the award results from an abuse of discretion. *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96 (1988). An abuse of discretion connotes more than a mere error in law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} In *Heller*, this court addressed the issue of "double dipping" when valuing the husband's interest in a company from which he would receive future dividends. The trial court had adopted in *Heller* an expert valuation that used a discounted cash flow, or income-based, method to compute the present value of the company for property division purposes. The trial court awarded the equivalent of half of that value to the wife as part of the property division, but then ordered that the wife would receive as spousal support a percentage of future earnings from the same company. On appeal, we held in *Heller* that "in cases where one spouse's ownership interest in a going concern is discounted to present value and divided, and where excess earnings arising from that ownership interest will constitute part of that spouse's stream of income into the future," the trial court must "treat a spouse's future business profits either as a marital asset subject to division, or as a stream of income for spousal support purposes, but not both." *Id.* at ¶ 23.

{¶ 10} In *Gallo I*, we conducted a more nuanced analysis of double dipping and modified the absolute rule stated in *Heller*. We noted that the innate unfairness of double dipping arises only in instances where the business or investment is valued primarily from its future income stream, and no inequitable double dip occurs if the business is valued through a market-based or asset-based approach for property division purposes. *Gallo I* at ¶ 26. We further found that there was no outright prohibition of double dipping proper, but that "in the interest of equity, trial courts should factor the impact of double dipping into their property division and spousal support decisions." *Id.* at ¶ 33. We held that "R.C. 3105.18(C)(1)(a) precludes us from adopting an outright prohibition of double dipping." *Id.* at ¶ 32. "[T]he trial court has discretion regarding if and how to remedy the double dip, as such decisions will turn upon the facts and circumstances of each particular case." *Id.* at ¶ 34; *see also Settele v. Settele*, 10th Dist. No. 14AP-818, 2015-Ohio-3746, ¶ 29.

{¶ 11} As a result, in *Gallo I* we did not find error in the mere presence of double dipping; instead we held that "the trial court did not *consider* the double dip so we must remand for that *consideration* to occur." (Emphasis added.) *Id.* at ¶ 35. We sustained the relevant assignment of error "only to the extent that the trial court erred in not factoring the double dip into its analysis of the case * * * we do not suggest that the trial court must necessarily alter the current division of property award or award of spousal support. We

instead merely direct the trial court to expand its consideration of those issues to include the effect of the double dip." *Id.* at ¶ 35.

{¶ 12} Dr. Gallo now argues that the trial court conducted an incomplete examination of the relative factors, and that if all factors in the property division and income potential of the parties are considered, the trial court's refusal to offset the double dip for Ohio Valley constitutes an abuse of discretion. Dr. Gallo asserts that, if past tax liabilities are considered, he received approximately $250,000 less in marital assets than Ms. Gallo. Dr. Gallo also stresses that his assets, for the most part consisting of investments in professional corporations, bear a substantial risk factor, while Ms. Gallo received risk-free assets in the form of real estate, retirement accounts, and elimination of her liability for marital debt and taxes. Dr. Gallo also points out that he is obligated to provide medical insurance for the parties' children in addition to paying child support, and that Ms. Gallo will claim both children as dependents for tax purposes.

{¶ 13} Despite these considerations raised by Dr. Gallo, we find that the trial court did not abuse its discretion when it acknowledged the potential for double dipping in this case, but did not modify the spousal support amount on remand.

{¶ 14} On remand, the trial court first noted that the fair market value accepted by the parties for Ohio Valley was based on a formula that capitalized the company's future earnings stream. The trial court accepted that this was an asset valuation based on future earnings, rather than market value, and therefore more susceptible to double-dipping complications. The trial court then referred back to its previous assessment of the parties' relative current income and relative future earning abilities. The trial court examined the other R.C. 3105.18(C)(1) factors, including the ages and health of the parties, the duration of the marriage, the extent to which it would be inappropriate for either party to seek employment outside of the home while the children were minors, and the standard of living the parties established during the course of the marriage. The court concluded that it was not inequitable to allow the double dip in this case.

{¶ 15} In both its original decision and its decision upon remand, the trial court imputed an annual income of $40,000 to Ms. Gallo and $700,000 to Dr. Gallo. Included in Dr. Gallo's income was approximately $170,000 per year resulting from his 2.5 percent

ownership of Ohio Valley. Aside from this amount, Dr. Gallo did not dispute the imputed income either for himself or Ms. Gallo.

{¶ 16} The trial court was careful to acknowledge the risks of reduced income from Dr. Gallo's practice due to Medicare law changes and other factors, and the court duly noted Dr. Gallo's commitment to pay "100% of the children's uncovered dental and medical expenses" in the future. (Apr. 23, 2015 Decision at 22.) Considering all the statutory factors, the trial court relied on the very large disparity of income between the parties and the 15-year duration of the marriage, and ordered Dr. Gallo to pay $12,000 per month in spousal support for a period of 66 months, the award to terminate upon the death of either party, Ms. Gallo's remarriage, or Ms. Gallo's cohabitation for more than 18 months. The court also retained jurisdiction to modify the award as to amount but not duration. (Apr. 23, 2015 Decision at 23.)

{¶ 17} Upon review of the trial court's decision, the record in the case, and our prior decision in the matter, we find that the trial court has complied with our order of remand in *Gallo I*, and the trial court's subsequent award of spousal support is not an abuse of discretion in either amount or duration. The factors relied on by the trial court provide a sound basis to conclude that equity does not require a double-dipping offset on these facts. Dr. Gallo's first assignment of error is overruled.

{¶ 18} Dr. Gallo's second assignment of error asserts that the award of spousal support is unreasonable for other reasons. This aspect of the trial court's initial decree of divorce was considered and resolved in *Gallo I*, and the doctrine of the law of the case precludes any attempt to review the trial court's other bases for the award, aside from revisiting the propriety of double dipping from Ohio Valley's income stream. Dr. Gallo's second assignment of error is accordingly overruled.

{¶ 19} In summary, Dr. Gallo's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

DORRIAN, P.J. and LUPER SCHUSTER, J., concur.

————————————